MATTER OF NEVAREZ

In Visa Petition Proceedings

A-20293676

*Decided by Board January 16, 1976*

(1) Petitioners and applicants for immigration benefits are required by 8 CFR 103.2(b) to provide certified English translations of any foreign language documents they submit; the Service should likewise provide certified English translations of relevant foreign documents it submits in evidence in such proceedings.

(2) Where the crucial evidence submitted by the Service in connection with the revocation of approval of the visa petition to accord beneficiary immediate relative classification is beneficiary's affidavit before the U.S. Consul in Monterrey, Mexico on November 12, 1974, and the document is in Spanish and no translation has been provided, the record is remanded, on appeal, by the Board for a proper translation of the affidavit and for a new decision based on the completed record.

ON BEHALF OF PETITIONER: Pro se

The United States citizen petitioner applied for immediate relative classification for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. The petition was approved on December 11, 1973. However, as a result of a consular inquiry into the bona fides of the marital relationship, on October 31, 1975 the district director revoked approval of the petition on the ground that the beneficiary had entered into the marriage for the sole purpose of obtaining immigration benefits. The petitioner appeals from the district director's revocation. The record will be remanded to the district director for further proceedings.

The district director's decision to revoke approval of the petition is based on a sworn statement, executed by the beneficiary before the United States Consul in Monterrey, Mexico on November 12, 1974 to the effect that he only desired to immigrate to the United States and had no intentions of establishing a life with the petitioner. However, on August 20, 1975 the beneficiary recanted his earlier statement and attested that it had not been given voluntarily. On appeal, the petitioner maintains that her marriage to the beneficiary is valid and subsisting and that they intend to live together as husband and wife.

The crucial evidence submitted by the Service is the beneficiary's

damaging affidavit before the United States consul. However, this document is in Spanish and no translation has been provided. Petitioners and applicants for immigration benefits are required by regulation to provide certified English translations of any foreign language documents they submit, 8 CFR 103.2(b). The Service should likewise provide certified English translations of relevant foreign language documents it submits. Accordingly, the record will be remanded to the district director for a proper translation of the beneficiary's November 12, 1974 affidavit and for a new decision based on the completed record.

ORDER: The record is remanded to the district director for further proceedings consistent with the foregoing opinion.